IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LUCILLE B. HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-3503-CV-S-GAF-SSA |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Plaintiff, Lucille B. Harris, filed an application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*, and an application for supplemental security income (SSI) benefits based on disability under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*. Plaintiff's applications were denied initially. On May 2, 2005, following a hearing, an administrative law judge (ALJ) rendered a decision in which she found that plaintiff was not under a "disability" as defined in the Social Security Act. On September 13, 2005, the Appeals Council of the Social Security Administration denied plaintiff's request for review. The decision of the ALJ stands as the final decision of the Commissioner.

On appeal, the Commissioner's findings are reviewed to determine whether they are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. *See Craig v. Apfel*, 212 F.3d 433, 435 (8th Cir. 2000). In determining whether existing evidence is substantial, the court considers evidence that detracts from the

Commissioner's decision as well as evidence that supports it. *See Prosch*, 201 F.3d at 1012. The court may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. *See id.* Rather, if, after reviewing the record, the court finds that "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Commissioner's] findings, we must affirm the decision" of the Commissioner. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995) (quoting *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992)); *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).[1]

In the case at bar, the ALJ determined that plaintiff had severe impairments, including an affective disorder, an anxiety-related disorder (not otherwise specified), a personality disorder, a history of dyslexia and learning disorder, fibromyalgia, mild degenerative disc disease, obesity, heel spurs, and a history of carpal tunnel syndrome (status post bilateral surgical release procedures); but she did not have an impairment, or combination of impairments, that either met or equaled any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing of Impairments. The ALJ determined that plaintiff's RFC precluded the performance of her past relevant work. However, based upon vocational expert testimony, the ALJ found that she could perform a range of jobs available in the national economy.

The ALJ found that plaintiff's allegations regarding her limitations were not totally credible. The ALJ followed the factors for evaluating subjective complaints set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), and 20 C.F.R. §§ 404.1529 and 416.929 to find plaintiff not fully credible. The

---

[1] Upon review of the record and applicable authority herein, the Commissioner's position is found to be controlling. Much of the Commissioner's brief is adopted without quotation noted.

factors that the Commissioner must consider include: objective medical evidence; plaintiff's work record; evidence relating to plaintiff's daily activities; the duration, intensity and frequency of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions.[2] *Id*. at 1321-1322. The primary question is not whether plaintiff experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent him from performing substantial gainful activity. *See McGinnis v. Chater*, 74 F.3d 873, 874 (8th Cir. 1996). Where an ALJ specifically discredits a claimant's testimony for stated reasons, the court normally defers to the ALJ's determinations of credibility. *See Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991).

As mentioned *supra*, the ALJ found that plaintiff had severe impairments, but that these conditions were not disabling. There is substantial medical evidence in the record to support these determinations.

The medical evidence shows that plaintiff had an MRI of the lumbar spine in July 1998 that was negative. In June 2003, plaintiff was examined by Dr. Bader. He noted that plaintiff had recurrent somatic dysfunction of the sacrum, pelvis, lumbar, thoracic, and cervical spine. She was given a 1/16 inch lift for her left heel. Such findings are similar to those made by Dr. Bader in August 2002. In September 2003, Dr. Bader noted that plaintiff had chronic laxity of the lumbar and pelvic areas

---

[2]"[An] ALJ [is] not required to discuss methodically each *Polaski* consideration, so long as he acknowledged and examined those considerations before discounting [the claimant's] subjective complaints." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000), citing *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996).

3

secondary to an old motor vehicle accident. X-rays showed mild degenerative changes in the spine. Disc spaces were well maintained. There was some left rotation of the spine.

Plaintiff was examined by Dr. Qualls in April 2004. At that time. Dr. Qualls noted that plaintiff had a normal foot examination without parathesias, although he noted peripheral neuropathy of the feet. He also noted that plaintiff had fibromyalgia. Plaintiff's treatment plan included medications. Plaintiff underwent a long-term outpatient treatment regimen to improve her fibromyalgia. Medical records from Dr. Qualls in May 2004, noted trigger points in the back, shoulder, and lower extremities for his diagnosis of fibromyalgia.

The ALJ found that plaintiff had severe impairments in her bilateral carpal tunnel syndrome (status post bilateral surgical release procedure). Plaintiff had previously complained of bilateral tingling and numbness in both hands for the past two years when she visited a physician in January 2004.

The medical evidence shows that plaintiff had an open carpal tunnel release on the right in March 2004. Thereafter, in May 2004, Curtis D. Mather, D.O., examined plaintiff and noted that she was doing well, without any recurring symptoms. Plaintiff had no more parathesias. She had excellent range of motion of all digits on the right, as well as the wrist.

Plaintiff underwent an open carpal tunnel release on the left side in May 2004. In June 2004, Dr. Mather reported that plaintiff was doing very well and was "not having any problems at this time." Dr. Mather opined that plaintiff could forego cockup wrist splints, except with certain activities.

The ALJ Also found that plaintiff had severe impairments in her affective disorder, personality disorder, and history of dyslexia and learning disorder.

4

The medical evidence shows that plaintiff was examined by Rhett E. McCarty, Psy.D., in July 2003. He diagnosed plaintiff with recurrent major depression and an anxiety disorder, as well as a personality disorder. He assigned plaintiff a global assessment of functioning score of 58, indicating moderate symptoms. Dr. McCarty noted that plaintiff had a depressive affect, but average intelligence, average quality of thought processes, average abstract thinking ability, was only mildly impaired in social judgment, and was able to understand, remember, and follow instructions.

In July 2004, Tina Morgan, Psy.D., completed a Medical Source Statement-Mental, in which she opined that plaintiff had numerous moderate limitations, as well as numerous areas where she was markedly limited.

In a letter dated November 19, 2004, Dr. Morgan noted that plaintiff's primary focus was her physical pain. She diagnosed plaintiff with moderate recurrent major depression, generalized anxiety disorder, somatoform disorder, and personality disorder, and assigned a GAF of 50, indicating serious symptoms. It was noted that plaintiff did not regard psychological issues to be a problem for her. Long term individual therapy was recommended.

The ALJ did not place great reliance upon the findings of Dr. Morgan determining that the doctor's conclusions were not supported by the medical record. The ALJ noted that Dr. Morgan offered no clinical findings or detailed rationale for her conclusions, and, as such, they were not deserving of great weight. She also noted that plaintiff had not been referred for any specialized mental healthcare evaluations or treatment.

5

Substantial evidence supports the ALJ's finding that plaintiff had severe impairments in regard to her affective disorder, personality disorder, and history of dyslexia and learning disorder, but that these conditions were not disabling.

In her decision, the ALJ noted a number of reasons as to why plaintiff's subjective testimony was not completely credible. For instance, the ALJ noted that plaintiff had exaggerated symptoms in relation to the findings of those physicians that had examined and treated her.

The ALJ considered plaintiff's sporadic work history and noted that it detracted from her credibility. An ALJ may discount a claimant's credibility based upon her poor work record. *Comstock v. Chater*, 91 F.3d 1143, 1147 (8th Cir. 1996) (a claimant's prior work history characterized by fairly low earnings and significant breaks in employment casts doubt on his credibility); *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996) (sporadic work record failed to support the claimant's credibility).

The ALJ also noted that plaintiff's alleged side effects of medication were exaggerated. The ALJ noted that the medical record did not indicate that plaintiff had made such complaints to her physicians. The ALJ also noted that plaintiff testified she could lift 20 to 30 pounds at a time. He also noted that plaintiff's activities also included walking an eighth of a mile at a time and driving.

The ALJ articulated the inconsistencies upon which she relied in discrediting plaintiff's testimony, and substantial evidence in the record as a whole supports her credibility findings.

Plaintiff argues that the ALJ did not properly consider the medical opinion of Dr. Qualls, a treating physician. Dr. Qualls opined that plaintiff was capable of less than sedentary work in two

6

Medical Source Statements-Physical, completed in October 2004 and December 2004. The findings of each statement are detailed and contrasted in the decision of the ALJ.

The ALJ discounted Dr. Qualls's opinion for several reasons. First, the ALJ found the doctor's statements were not supported by objective findings. Additionally, the ALJ stated that the findings of Dr. Qualls were internally inconsistent, inconsistent with plaintiff's admitted capacities, and inconsistent with his own treatment findings. However, the ALJ did accord such findings "limited weight." The ALJ noted that the treatment notes of Dr. Qualls did not reflect significant weakness in plaintiff's extremities, did not indicate grip deficits, and showed that treatment had achieved improved pain symptoms with medication and physical therapy. The Eighth Circuit has held that an ALJ was justified in discrediting the opinion of a physician when it was based solely on the claimant's subjective complaints and was not supported by his other findings. *See Woolf v. Shalala*, 3 F.3d 1210, 1214 (8th Cir. 1993).

Although a treating physician's opinion is generally entitled to substantial weight, such opinion does not automatically control, since the record must be evaluated as a whole. *See Wilson v. Apfel*, 172 F.3d 539, 542 (8th Cir. 1999) (citing *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)). An ALJ is warranted in discrediting some of the treating physician's opinions which are inconsistent with, and contradicted by, other evidence in the record. *See Weber v. Apfel*, 164 F.3d 431 (8th Cir. 1999).

Plaintiff further argues that the ALJ failed to make a proper RFC determination. Because the ALJ found plaintiff did not retain the RFC to perform her past relevant work, the burden of production shifted to the Commissioner to produce evidence of jobs in the national economy that could be

7

performed by a person with plaintiff's RFC and vocational skills. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995).

The ALJ's decision demonstrates that she considered the entire record of evidence, including all the medical evidence and testimony. The ALJ met her duty of determining plaintiff's RFC based on all of the relevant evidence. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995); *see also Dykes v. Apfel*, 223 F.3d 865, 866-67 (8th Cir. 2000) (citing 20 C.F.R. §§ 404.1545 and 416.945; Soc. Sec. Ruling (SSR) 96-8p, at pp. 8-9).

The ALJ properly limited plaintiff's RFC to include only those impairments and limitations she determined to be credible and excluded those that were not. *See Lorenzen v. Chater*, 71 F.3d 316, 318 (8th Cir. 1995). The ALJ's assessment of plaintiff's RFC was based upon substantial evidence as discussed *supra*. Plaintiff's RFC includes explicit limitations in regard to standing and walking due to her severe impairments.

It is plaintiff's burden to prove her RFC, and the ALJ assesses an RFC based upon the whole record, not just the medical record. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). In this case, the ALJ's decision is over 13 single-spaced pages that detail plaintiff's medical history and her statements regarding her capacities, with analysis of any conflicts between such testimony and the other evidence of record. The ALJ's decision is supported in the record.

After evaluating plaintiff's subjective complaints, the ALJ formulated plaintiff's RFC at step four of the sequential evaluation process based on all the evidence of record she found credible. *See* 20 C.F.R. §§ 404.1545 and 416.945; *see also Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). The ALJ explicitly found plaintiff could meet a range of light work per 20 C.F.R. § 404.1567(a),

except for the limitations noted in her RFC. According to the testimony of a vocational expert, this RFC allows plaintiff to perform the jobs of small parts assembler (D.O.T. 706.687-022) and microfilm mounter (D.O. T. 208.685-022). Because there is substantial evidence that plaintiff can perform other work in the national economy, she is not disabled under the Social Security Act. *See* 20 C.F.R. §§ 404.1520 and 416.920. The ALJ's decision is based upon substantial evidence. The vocational expert testified that the enumerated jobs were representative of a larger group of unskilled light work that plaintiff could perform. Additionally, he testified that his answer was based upon his knowledge of the Dictionary of Occupational Titles, as well as augmented by personal observations and professional experiences in the field for those areas upon which that volume is silent.

WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: March 22, 2006